# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: L.H.**

**No. 14-1187** (Hampshire County 14-JA-12)

**FILED**

April 13, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother, by counsel Lary Garrett, appeals the Circuit Court of Hampshire County's October 22, 2014, order terminating her parental rights to ten-month-old L.H. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael Jackson, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Joyce Stewart, filed a response on behalf of L.H., which also supports the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her an improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2011, the DHHR filed an abuse and neglect petition against petitioner alleging, in part, that she was addicted to illegal drugs. Thereafter, the circuit court terminated petitioner's parental rights to three older children because she failed to correct her drug addiction and continued to use drugs during the underlying proceedings. In July of 2014, The DHHR filed another abuse and neglect petition against petitioner after she gave birth to L.H., who tested positive for methadone and oxycodone. Petitioner also tested positive for methadone, oxycodone, and marijuana. The petition was also based on the prior involuntarily termination of petitioner's parental rights to three older children for failing to correct her drug use.

In August of 2014, the circuit court held an adjudicatory hearing. The circuit court heard evidence of petitioner's prior involuntary termination to her three older children for failing to correct her drug abuse. The circuit court also heard testimony that L.H. tested positive for methadone and oxycodone at the time of her birth. Additionally, the circuit court heard testimony that petitioner knowingly took these medications while she was pregnant. Finally, petitioner admitted to using marijuana during her pregnancy. Accordingly, the circuit court adjudicated petitioner as an "abusive and neglectful" parent. However, the circuit court granted petitioner supervised visitation upon proof of a negative drug screen.

In October of 2014, the DHHR filed a status report that indicated that petitioner failed to participate in supervised visitations and continued to test positive for benzodiazepines and opiates. Thereafter, the circuit court held a dispositional hearing. After considering the evidence,

1

the circuit court denied petitioner's motion for an improvement period and terminated her parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's order denying petitioner an improvement period and terminating petitioner's parental rights.

First, petitioner argues that the circuit court denied her a meaningful opportunity to participate in the underlying proceedings because the circuit court denied her motion for an improvement period. We disagree. West Virginia Code § 49-6-12(b)(2) provides circuit courts discretion in granting post-adjudicatory improvement periods upon a showing that the parent will fully participate in an improvement period. The only evidence that petitioner was likely to fully participate in a post-adjudicatory improvement period was petitioner's own self-serving statement in her brief on appeal. The evidence introduced at the dispositional hearing supports the circuit court's decision to deny petitioner an improvement period. The circuit court was presented with evidence that petitioner's parental rights were terminated to her three older children for failing to correct her drug use. The instant petition was initiated when the child was born with methadone and oxycodone in her system due to petitioner's abuse during her pregnancy. Petitioner also admitted to using marijuana during her pregnancy. Finally, the DHHR submitted evidence that petitioner tested positive for benzodiazepines and opiates throughout the underlying proceedings. For these reasons, the circuit court did not err in denying petitioner's motion for an improvement period.

Petitioner next argues that the circuit court erred in terminating her parental rights. Specifically, petitioner contends that her prior involuntary termination did not constitute "aggravated circumstances" To begin, petitioner's prior involuntary termination clearly falls within our statutory definition of "aggravated circumstances." West Virginia Code § 49-6-5(a)(7)(A) and (C) provides that "[t]he parent has subjected the child . . . to aggravated circumstances which include, . . . the parental rights of the parent to another child have been terminated involuntarily." *See* also W.Va. Code § 49-6-3(d)(1) and (3). For these reasons, the

2

circuit court did not err in finding that petitioner's prior involuntary termination constituted "aggravated circumstances."

Finally, petitioner argues that the circuit court erred in terminating her parental rights because it failed to develop evidence of what actions she had taken to remedy the conditions which led to her prior involuntary termination. We have previously held as follows:

> [w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ 49–6–1 to –12 (1998). Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49–6–5b(a) (1998) is present.

*In re Kyiah P.*, 213 W.Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999)). In this matter, the circuit court clearly met the above requirement to review whether or not petitioner had remedied the problems that led to the prior involuntary termination of her parental rights.

Petitioner's prior involuntary termination was based, in part, upon petitioner's illegal drug use and her failure to remedy her drug addiction. The instant abuse and neglect petition was initiated, in part, when the child was born with methadone and oxycodone in her system. The record reveals that petitioner admitted to using marijuana during her pregnancy. Further, the circuit court offered petitioner supervised visitation if she complied with drug screens, despite not being required because of her prior involuntary termination of parental rights pursuant to West Virginia Code § 49-6-5(a)(7)(C). As noted above, petitioner failed to participate in supervised visitation and tested positive for benzodiazepines and opiates throughout the underlying proceedings. Accordingly, we find that the circuit court did not err in finding that petitioner had not remedied the underlying conditions of abuse that led to her prior involuntary termination of parental rights, as her substance abuse issues persisted throughout the proceedings below. This same evidence also supports the circuit court's findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect pursuant to West Virginia Code §§ 49-6-5(b)(1) and (3), and that termination of her parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its October 22, 2014, order is hereby affirmed.

Affirmed.

3

**ISSUED:** April 13, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II